Tagged Opinion



**ORDERED in the Southern District of Florida on July 30, 2011.**

Robert A. Mark, Judge
United States Bankruptcy Court

___

```
              UNITED STATES BANKRUPTCY COURT
               SOUTHERN DISTRICT OF FLORIDA
```

|   |   |
|---|---|
| In re:<br><br>JAVIER A. OROZCO and GEORGINA M. OROZCO,<br><br>       Debtors. | CASE NO.  09-34626-BKC-RAM<br>CHAPTER  13 |

### ORDER ON OBJECTIONS TO CLAIMS

The Debtors have filed objections to several unsecured claims in this case. Because the objections were noticed for hearing and unopposed, the Debtors submitted proposed Orders sustaining the objections and striking the claims in their entirety. Several of the objections are based solely on the alleged lack of documentation to support the claims. Other objections also allege that the creditor who acquired the claim did not provide proof of assignment. These are not grounds for

disallowance of claims and therefore, the objections will be overruled.

Five years ago, this Court issued two opinions addressing the precise issues raised in these objections. In the first opinion, *In re Moreno*, 341 B.R. 813 (Bankr. S.D.Fla. 2006), the Court held that the failure to attach sufficient documentation is not, by itself, a basis for disallowance of an unsecured claim. 341 B.R. at 816. The Court was particularly critical of the practice then being employed by several debtors' attorneys, namely, seeking to strike claims for lack of documentation when the debt subject of the claim was scheduled as undisputed in an amount nearly equal to the claim amount. As the Court noted, in those circumstances, the proper objection is solely to the difference between the scheduled amount and the claimed amount. 341 B.R. at 819.

In the second opinion, the Court addressed objections based upon failure to attach evidence of the assignment of an unsecured claim. *In re Gonzalez*, 356 B.R. 905 (Bankr. S.D.Fla. 2006). In *Gonzalez*, the Court noted that Rule 3001(e)(2), Fed.R.Bankr.P. requires evidence of a transfer of a claim only if the claim is transferred <u>after</u> the original creditor files a proof of claim. Therefore, if the claimant states in the proof of claim that it is the owner of the claim, that statement is sufficient unless a prior proof of claim was filed for the same debt or the debtor has a good faith basis to believe that the claimant is not the

2

owner or assignee of the debt.  356 B.R. at 907.

With this legal framework in mind, the Court analyzes the objections at issue here.  Summarized below are the claims, the name of the creditor, the proof of claim amount, the amount scheduled as undisputed in Debtors' Schedule F, and the docket entry of the claim objection.

| Claim No | Creditor | POC | Sched. F. | Obj. DE# |
| --- | --- | --- | --- | --- |
| 5 | HSBC | 3,010.87 | 2,940 | #85 |
| 3 | Target Bank | 8,169.54 | 7,785 | #75 |
| 10 | CitiCorp | 813.54 | unknown | #77 |
| 1 | Dept. Stores Bank (Macys) | 2,861.09 | not listed | #79 |
| 13 | FIA Card Services | 7,042.77 | 6,868 | #83 |
| 14 | FIA | 9,021.06 | 8,797 | #83 |
| 4 | Portfolio Recovery Asso. | 216.46 | 221 | #81 |
| 12 | PRA (Chase) | 6,710.72 | 6,421 | #81 |

Of the claims and objections listed above, two objections will be sustained.  Claim No. 10 is listed in the schedules with amount unknown and the proof of claim does not even attach an account summary.  Claim No. 1 is not listed in the Debtors' schedules.

All of the remaining claims were scheduled by the Debtors either in the name of the claimant or in the name of the original holder who is identified in the proofs of claim.  The objections based on lack of documentation to support the claim or lack of documentation of the assignments do not provide cause for

3

striking these claims in their entirety.  The claims should and will be allowed in the amount scheduled.

Based upon the foregoing, it is -

**ORDERED** as follows:

1. Debtors' Objection to Claim No. 1 [DE# 79] is sustained and Claim No. 1 is stricken.

2. Debtors' Objection to Claim No. 10 [DE# 77] is sustained and Claim No. 10 is stricken.

3. Debtors' Objection to Claim No. 5 [DE# 85] is sustained in part to the extent the claim amount exceeds the scheduled amount.  The Objection is overruled to the extent Debtors object to the scheduled amount, and Claim No. 5 is allowed as an unsecured claim in the scheduled amount of $2,940.00.

4. Debtors' Objection to Claim No. 3 [DE# 75] is sustained in part and overruled in part.  Claim No. 3 is allowed as an unsecured claim in the scheduled amount of $7,785.00.

5. Debtors' Objection to Claims No. 13 and No. 14 [DE# 83] is sustained in part and overruled in part.  Claim No. 13 is allowed as an unsecured claim in the scheduled amount of $6,868.00.  Claim No. 14 is allowed as an unsecured claim in the scheduled amount of $8,797.00.

6. Debtors' Objection to Claim No. 4 [DE# 81] is overruled.  Claim No. 4 is allowed as an unsecured claim in the claimed amount of $216.46, an amount less than the scheduled amount.

4

      7.    Debtors' Objection to Claim No. 12 [DE# 82] is sustained in part and overruled in part. Claim No. 12 is allowed as an unsecured claim in the scheduled amount of $<u>6,421.00</u>.

###

COPIES TO:

Michael A. Frank, Esq.
Nancy N. Herkert, Trustee